UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BETTY JEAN B., on behalf of L.J.B.,

                              Plaintiff,

                                                        6:21-CV-0125
v.                                                     (ML)

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,[1]


                              Defendant.

_____

APPEARANCES:                              OF COUNSEL:

OLINSKY LAW GROUP                         HOWARD D. OLINSKY, ESQ.
   Counsel for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION           AMY BLAND, ESQ.
   Counsel for Defendant                 Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## DECISION and ORDER

Currently before this Court is the Commissioner of Social Security's ("Defendant" or

"Commissioner") motion to dismiss the constitutional claim asserted in the Complaint filed by

---

[1]      Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as
Defendant here pursuant to Fed. R. Civ. P. 25(d).  The Clerk is directed to modify the docket
accordingly.

Betty Jean B.,[2] on behalf of minor L.J.B.[3]  (Dkt. No. 8.)  Plaintiff brings an action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of Defendant, denying Claimant's application for Supplemental Security Income ("SSI") benefits.  (Dkt. No. 1.)  In addition, Plaintiff alleges that "the office of Commissioner of Social Security is unconstitutional" in light of the Supreme Court's holding in *Seila Law*[5] and therefore that the Administration's Administrative Law Judges ("ALJs") "are not constitutionally appointed." (Dkt. No. 1, at ¶ 9.)  Plaintiff alleges she is "entitled to a new hearing with a constitutionally appointed ALJ."  (*Id.*)  The parties consented to jurisdiction by the undersigned in this matter. (Dkt. No. 6.)  For the reasons set forth below, the Court grants Defendant's motion to dismiss Plaintiff's constitutional claim.

## I.  RELEVANT BACKGROUND

### A.  Defendant's Motion to Dismiss

On May 18, 2021, Defendant filed a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  (*See generally* Dkt. No. 8, Attach. 1.)  Generally, Defendant argues that Plaintiff lacks standing to assert that the Social Security Administration is unconstitutional, for two reasons: (1) lack of traceability, and (2) lack of redressability.  (Dkt. No. 8, Attach. 1 at 2.)

#### 1.  Lack of Traceability

Defendant argues that Plaintiff cannot establish a connection between the alleged constitutional defect, with her claim that she sustained an injury from an executive act that exceeded the official's authority.  (Dkt. No. 8, Attach. 1 at 6-7.)  More specifically, Defendant

---

[2]      References to Betty Jean B. hereinafter "Plaintiff."

[3]      References to L.J.B. hereinafter "Claimant."

[5]      *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020).

notes that the ALJ's disability adjudication below, was conducted without any involvement by the head of the agency.  (*Id*. at 7.)  Instead, "[t]he process of federal agency adjudication is structured 'so as to assure that the hearing examiner exercises his independent judgment on the evidence before him, free from pressures by the parties or other officials within the agency.'" (*Id*.)  In addition, Defendant argues that the ALJ who decided Plaintiff's claim was appointed by an Acting Commissioner of Social Security[8]—who served without protection against removal— thus, "[t]here is no connection between the statutory limitation on removal of the Commissioner [i.e., based on *Seila Law*] and the decision the ALJ rendered on the child's claims."  (Dkt. No. 8, Attach. 1 at 6-10.)

## 2.  Lack of Redressability

Defendant argues that the Court cannot redress the constitutional injury that Plaintiff alleges because a remand predicated on the contention that the Social Security Administration is unconstitutional would result in a hearing no different than Plaintiff already received.  (Dkt. No. 8, Attach. 1 at 10-13.)  Further, Defendant argues that "[a] remand based on Plaintiff's constitutional claim would have no purpose other than issuance of another decision and even if that decision happened to be favorable to [Claimant], it would have nothing to do with the constitutional violation Plaintiff alleges."  (*Id*. at 11.)  Defendant argues that in contrast to the plaintiff in *Seila Law*—who was attempting to cease contact with an agency—here, Plaintiff wants to return to the agency so that it can award Claimant SSI benefits.  (*Id*. at 12.)  Defendant argues that if the Social Security Commissioner is not constitutionally capable of appointing the

---

[8]    Current Social Security Commissioner, Andrew Saul, was sworn in on June 17, 2019. Before Commissioner Saul's appointment, Nancy Berryhill served as Acting Commissioner because the office of the Commissioner of Social Security was vacant.

ALJ that Plaintiff ostensibly seeks to return to, then there is no manner in which Plaintiff's alleged injury can be redressed by a judgment remanding her claim.  (*Id*. at 12-13.)

### B.    Plaintiff's Response

Plaintiff argues that she has standing to raise her claim that she did not receive a hearing before an ALJ with constitutional authority to act because the Commissioner delegating that authority, holds office by a statute that is unconstitutional.

#### 1.   The Claim is Traceable

Plaintiff argues her claim is traceable because the ALJs work under a delegation of authority from the Commissioner of Social Security and thus, flaws in the Commissioner's authority are flaws in the ALJs' authority.  (Dkt. No. 9 at 1-2.)  Plaintiff argues that the Commissioner has broad authority over the structure of the agency and the rules governing the agency.  (Dkt. No. 9 at 2.)  Plaintiff argues that the ALJ here exercised the executive's power on loan from the Commissioner—who holds that power while insulated from removal by the President—to deny an award of benefits to Plaintiff.  (*Id*. at 3.)

In addition, Plaintiff argues that: (1) the hearing in this matter was held on August 11, 2020, and Commissioner Saul was sworn in on June 17, 2019, meaning that the ALJ was acting under Commissioner Saul's authority to conduct the hearing; (2) Acting Commissioner Berryhill was not properly in office as Acting Commissioner when she appointed the ALJ who heard Plaintiff's case below; and (3) the ALJ who heard Plaintiff's case below was appointed on or before 2009, which was years before Ms. Berryhill was serving as Acting Commissioner and before she approved all ALJ appointments as her own.  (Dkt. No. 9 at 4.)

#### 2.   The Claim is Redressable

Plaintiff argues that her claim is redressable because she has been subjected to a denial of benefits made under the authority of an official whose office is unconstitutional.  (Dkt. No. 9 at

5-6.)  Plaintiff argues that if the Court decides the merits of her constitutional claim in her favor, the Commissioner's position would be forced to be altered to conform to the constitution.  (*Id*.)

### C.    Defendant's Reply

Defendant filed a Notice of Supplemental Authority that cited two recent Supreme Court cases.  (Dkt. No. 14.)  Defendant cited *California v. Texas*, 141 S. Ct. 2104 (2021), for the contention that "neither private citizens nor states had standing to bring [a] constitutional claim challenging the Patient Protection and Affordable Care Act."  (*Id*. at 1.)  Defendant also cited *Collins v. Yellen*, 141 S. Ct. 1761 (2021), for the contention that "shareholders of companies placed into conservatorship by Federal Housing Finance Agency had standing to bring [2] constitutional claim challenging agency's structure."  (*Id*.)

In addition, Defendant filed a supplemental brief arguing that based on *Collins*, 141 S. Ct. at 1761, (1) Defendant no longer presses the threshold standing defense and instead argues that Plaintiff is not entitled to retrospective relief because she cannot establish a connection between removal restrictions and injury-in-fact, (2) the Acting Commissioner who appointed the presiding ALJ was removable by the President at will, which severs any nexus between the removal restriction and Plaintiff's alleged harm, and (3) Plaintiff cannot show that the Commissioner's statutory tenure protection affected the ALJ's determination of Claimant's claim.  (Dkt. No. 17 at 1-8.)[12]

### D.    Supplemental Memoranda of Law

On November 9, 2021, the Court issued a text order directing the parties to, *inter alia*, file memoranda of law regarding the pending motion to dismiss specifically addressing the following

---

[12]    Defendant states that "the Court can properly adjudicate Defendant's 12(b)(1) motion under Rule 12(b)(6) as a motion for failure to state a claim."

5

six topics: (1) Defendant's contention that the Court may construe her motion pursuant to Fed. R. Civ. P. 12(b)(1), as a motion pursuant to Fed. R. Civ. P. 12(b)(6); (2) the impact of *Collins v. Yellen,* 141 S. Ct. 1761 (2021) on Plaintiff's constitutional argument, particularly in light of *Boger v. Kijakazi,* 20-CV-0331, 2021 WL 5023141, at *3 (W.D.N.C. Oct. 28, 2021), and *Robinson v. Kijakazi,* 20-CV-0358, 2021 WL 4998397, at *3 (W.D.N.C. Oct. 27, 2021); (3) whether Defendant is entirely withdrawing her arguments regarding Plaintiff's standing to pursue the constitutional argument, or whether Defendant is merely withdrawing her arguments regarding Plaintiff's ability to assert traceability; (4) any authority for the proposition that an *Acting* Commissioner of Social Security is not subject to the removal restrictions in 42 U.S.C. § 902(a)(3); (5) how consideration of traceability differs from consideration of the required "nexus" between the allegedly unconstitutional removal restriction and Plaintiff's injury; and (6) what Plaintiff's injury is.  (Dkt. No. 18.)  Both parties filed supplemental memoranda of law in response to this text order.

### 1.    Plaintiff's Supplemental Memorandum of Law

Generally, in response to the Court's text order Plaintiff asserts the following six arguments: (1) although the Court has discretion to convert Defendant's motion pursuant to Fed. R. Civ. P. 12(b)(1) to one grounded in Fed. R. Civ. P. 12(b)(6), courts in this circuit have declined to do so where, like here, the defendant simultaneously presses entirely new arguments; (2) *Collins* rejected the standing argument that Defendant moved pursuant to and neither *Boger* nor *Robinson* involved a motion pursuant to Fed. R. Civ. P. 12(b)—instead those decisions pertained to whether Plaintiff should be granted relief—and thus, did not involve the validity of the plaintiffs' complaints; (3) the Supreme Court has conclusively rejected the arguments Defendant asserted in her motion—that Plaintiff could not establish standing because she could

not establish traceability or redressability; (4) the removal protection in 42 U.S.C.A. § 902 is explicitly extended to an Acting Social Security Administration Commissioner just like a Social Security Administration Commissioner; (5) at this stage, Plaintiff is not required to prove any "nexus," instead, the Court need only be satisfied of the possibility that Plaintiff could prove such a connection for the claim to survive a motion to dismiss; and (6) Plaintiff's injury is the Commissioner's denial of Claimant's application for Social Security benefits by an ALJ appointed by a Commissioner who lacked authority to delegate.  (*See generally* Dkt. No. 19.)

### 2.    Defendant's Supplemental Memorandum of Law

Generally, in response to the Court's text order Defendant asserts the following five[14] arguments: (1) Defendant no longer contends that Plaintiff lacks standing—based on traceability or redressability—and because Defendant argued in her moving papers that a causal nexus was lacking between the statutory provision limiting the President's authority to remove the Commissioner, and the agency's unfavorable decision, it would be appropriate for the Court to treat the motion as one under Rule 12(b)(6) because under *Collins*, the lack of a causal nexus is properly understood as going to the merits; (2) under *Collins*, for purposes of standing, it is sufficient for Plaintiff to allege injury based on allegedly unlawful conduct of Defendant, but to obtain retrospective relief, Plaintiff must show that an unconstitutional provision inflicted compensable harm; (3) the harm that Plaintiff alleges is denial of the claim for disability benefits and because she cannot connect that harm to the removal restrictions that she challenges, she is not entitled to relief; (4) Plaintiff cannot show that Section 902(a)(3)'s removal restriction somehow caused the denial of the benefits and thus cannot establish a nexus, defeating her claim

---

[14]    Defendant combined responses to "topics designated as issues (1) and (3) in the Court's November 9, 2021[,] Order."  (Dkt. No. 20 at 1 n.1.)

for relief under *Collins*; and (5) an Acting Commissioner of Social Security is not subject to the

removal restrictions in 42 U.S.C. § 902(a)(3) and the President's broad authority to designate

another officer as Acting Commissioner in place of the Deputy Commissioner means that an

Acting Commissioner must be removable at will.  (*See generally* Dkt. No. 20.)

## II.    APPLICABLE STANDARD OF REVIEW

As an initial matter, the Court must determine which standard of review to apply to

Defendant's motion.  Although Defendant brought her motion pursuant to Rule 12(b)(1) for lack

of subject matter jurisdiction, Defendant subsequently declined to assert Plaintiff's lack of

standing as a defense, instead arguing that, "even if Plaintiff can establish standing, she cannot

state a claim upon which relief may be granted."  (Dkt. No. 17 at 2.)  Defendant further stated:

"If required, the Court can properly adjudicate Defendant's 12(b)(1) motion under Rule 12(b)(6)

as a motion for failure to state a claim." (*Id.* at 3 n.1 (citations omitted)).

The Court will treat Defendant's motion as a Rule 12(b)(6) motion to dismiss for failure

to state a claim.  "Generally, courts have discretion to treat a Rule 12(b)(1) motion to dismiss for

lack of subject matter jurisdiction as a Rule 12(b)(6) motion to dismiss for failure to state a

claim." *Henry v. Comm'r of Soc. Sec.*, 09-CV-0206, 2010 WL 11523750, at *3 (D. Vt. July 6,

2010) (treating Rule 12(b)(1) motion as a Rule 12(b)(6) motion where the "parties have argued

extensively on the merits of Henry's claim"); *see also Nowak v. Ironworkers Local 6 Pension

Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996) ("In most circumstances, it makes little practical

difference whether the district court correctly labels its dismissal of an action as one for lack of

subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule

12(b)(6)."); *Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992) ("If a defendant's Rule

12(b)(1) motion is an indirect attack on the merits of the plaintiff's claim, the court may treat the

motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.").  Here, because the parties have argued the question of whether there is a connection between the alleged constitutional defect and Plaintiff's injury and because the viability of Plaintiff's claim can be decided based on the allegations in the Complaint, the Court treats Defendant's motion as one under Rule 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level."  *Mayor & City Council of Balt.*, 709 F.3d at 135 (quoting *Twombly*, 550 U.S. at 555).  The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    ANALYSIS

In *Seila Law*, the Supreme Court held that the structure of the Consumer Financial Protection Bureau ("CFBP"), under which the President could remove the CFPB Director only for "inefficiency, neglect of duty, or malfeasance in office," violated the doctrine of separation of powers.  *Seila Law*, 140 S. Ct. at 2191-92; *see* 12 U.S.C. § 5491(c)(3) ("The President may remove the Director for inefficiency, neglect of duty, or malfeasance in office.").  The Court reiterated that the President's executive power "generally includes the ability to remove executive

officials" and declined to extend precedents recognizing "two exceptions to the President's unrestricted removal power" to the "novel context of an independent agency led by a single Director." *Seila Law*, 140 S. Ct. at 2192, 2197-2207.

In *Collins*, the Court addressed a similar separation of powers challenge to the structure of the Federal Housing Finance Agency ("FHFA"). *See* 141 S. Ct. at 1770. The FHFA is "an independent agency tasked with regulating [Fannie Mae and Freddie Mac] and, if necessary, stepping in as their conservator or receiver." *Id.* The FHFA had at its head "a single Director, whom the President could remove only 'for cause.'" *Id.* (citing 12 U.S.C. § 4512(a), (b)(2)). Before reaching the merits of the question, the Court held that the plaintiffs, who were shareholders in Fannie Mae and Freddie Mac, had Article III standing, noting that "for purposes of traceability, the relevant inquiry is whether the plaintiffs' injury can be traced to 'allegedly unlawful conduct' of the defendant, not to the provision of law that is challenged." *Id.* at 1779. On the merits, the Court held that the "for-cause restriction on the President's removal authority violates the separation of powers," noting that the Court's decision in *Seila Law* was "all but dispositive." *Id.* at 1783.

With regard to the plaintiffs' entitlement to relief, the *Collins* Court rejected the argument that officers not removable at will "lacked constitutional authority and that their actions were therefore void." *Id.* at 1787. Although the statute at issue "unconstitutionally limited the President's authority to *remove* the confirmed Directors, there was no constitutional defect in the statutorily prescribed method of appointment to that office." *Id.* There was therefore "no reason to regard any of the actions taken by the FHFA" which were at issue as "void." *Id.*[15] However,

---

[15]      The Court further cautioned that "[w]hat we said about standing in *Seila Law* should not be misunderstood as a holding on a party's entitlement to relief based on an unconstitutional removal restriction." *Id.* at 1788 n.24 ("We held that a plaintiff that challenges a statutory

the Court acknowledged that "it is still possible for an unconstitutional provision to inflict compensable harm." *Id.* at 1788-89.  The Court remanded for the lower courts to determine in the first instance whether "the unconstitutional removal provision inflicted harm" on the plaintiffs.  *Id.* at 1789.

The Social Security Administration is headed by "a Commissioner of Social Security" who is appointed by the President for a six-year term.  42 U.S.C. § 902(a)(1), (3).  "An individual serving in the office of Commissioner may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office."  *Id.* § 902(a)(3).  In the wake of *Seila Law* and *Collins*, many district courts have assumed or held that the restriction on the President's power to remove the Commissioner violates the separation of powers.  *See, e.g.*, *Kasey V. v. Comm'r of Soc. Sec.*, 20-CV-6153, 2022 WL 102048, at *5 (W.D. Wash. Jan. 11, 2022) ("A straightforward application of *Seila Law* and *Collins* dictates a finding that the removal provision in § 902(a)(3) violates separation of powers."); *Katrina R. v. Comm'r of Soc. Sec.*, 21-CV-4276, 2022 WL 190055, at *5 (S.D. Ohio Jan. 21, 2022) (holding that, "even assuming that § 902(a)(3)'s removal provision is unconstitutional, remand is not necessarily required"), *report-recommendation adopted by* 2022 WL 456693 (S.D. Ohio Feb. 15, 2022); *see also* Office of Legal Counsel, *Constitutionality of the Commissioner of Social Security's Tenure Protection*, 2021 WL 2981542, at *7 (July 8, 2021) ("We believe that the best reading of [*Seila Law* and *Collins*] compels the conclusion that the statutory restriction on removing the

---

restriction on the President's power to remove an executive officer can establish standing by showing that it was harmed by an action that was taken by such an officer and that the plaintiff alleges was void.  But that holding on standing does not mean that actions taken by such an officer are void *ab initio* and must be undone." (internal citation omitted)).

Commissioner is unconstitutional.  Therefore, the President may remove the Commissioner at will.").

Here, the Court finds that Plaintiff has not stated a cognizable constitutional claim because, even assuming the Commissioner's statutory tenure protection is unconstitutional, Plaintiff has not alleged facts which would entitle her to a remand for a new hearing or any other relief.  Plaintiff's Complaint alleges no connection between the removal restriction and the decision denying Claimant's application for SSI benefits.  (*See* Dkt. No. 1.)[16]

Plaintiff is incorrect that the alleged unconstitutional restriction on the President's ability to remove the Commissioner creates a defect in the Commissioner's authority (and, by extension, that of the ALJs) and renders the ALJs "not constitutionally appointed."  Under *Collins*, where the officers in question are "properly *appointed*," "there is no reason to regard any of [their] actions" as "void."  *Collins*, 141 S. Ct. at 1787; *see id.* at 1788 n.23 ("[T]he unlawfulness of the removal provision does not strip the Director of the power to undertake the other responsibilities of his office.").  In short, "under *Collins*, actions taken by properly appointed officials are not void."  *Satterthwaite v. Kijakazi*, 20-CV-0724, 2022 WL 468946, at *5 (W.D.N.C. Feb. 15, 2022).  Here, Plaintiff likewise alleges "no constitutional defect in the statutorily prescribed method of appointment" of the Commissioner or the ALJ; nor does she raise an Appointments Clause challenge.  *Cf. Collins*, 141 S. Ct. at 1787; *see also Satterthwaite*, 2022 WL 468946, at *5

---

[16]    The Court does not address the parties' arguments regarding whether any causal connection between the removal restriction and the denial of Plaintiff's claim is severed because the ALJ who heard Plaintiff's case was appointed by an *Acting* Commissioner who was removable at will. (*See* Dkt. No. 8, Attach. 1 at 4-5; Dkt. No. 9 at 4-5.) The facts underlying these arguments are not alleged in Plaintiff's complaint, *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) ("Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself."), and resolution of the question is unnecessary to the Court's decision.

("[U]nlike Appointments Clause defects, where the presiding official does not enjoy proper authority to occupy the office, agency action is not per se invalid simply because it can be traced back to an official subject to an unconstitutional removal protection." (internal citation omitted)).

Furthermore, Plaintiff has not alleged any connection between the removal restriction and the unfavorable decision denying her claim for benefits.  She therefore has not alleged that the unconstitutional removal restriction itself inflicted "compensable harm."  *Cf. Collins*, 141 S. Ct. at 1789.  Courts considering similar challenges have uniformly rejected requests for remand. *Katrina R.*, 2022 WL 190055, at *5 ("Indeed, courts across the country have uniformly concluded that the allegedly unconstitutional nature of § 902(a)(3) does not require remand.") (collecting cases); *White v. Comm'r of Soc. Sec.*, 20-CV-1695, 2022 WL 463318, at *7 (E.D. Cal. Feb. 15, 2022) (finding plaintiff was "not entitled to remand for a new hearing" where she "does not demonstrate any connection between her denial of benefits and the unconstitutional removal provision"); *Satterthwaite*, 2022 WL 468946, at *6 (holding that the plaintiff "cannot conceivably show how the President's supposed inability to remove the Commissioner without cause might possibly have affected any ALJ's disability benefits decision, much less the decision on Plaintiff's specific claim"); *Lisa Y. v. Comm'r of Soc. Sec.*, —— F. Supp. 3d. ——, 21-CV-5207, 2021 WL 5177363, at *7-8 (W.D. Wash. Nov. 8, 2021) (concluding there was "no possibility" that Section 902(a)(3) harmed the plaintiff because the ALJ's decision was "based upon an uncontested factual record and the application of governing law, including unchallenged regulations"); *see also Collins*, 141 S. Ct. at 1802 (Kagan, J., concurring) ("I doubt the mass of SSA decisions—which would not concern the President at all—would need to be undone.").

In sum, because Plaintiff has not plausibly alleged any connection between the denial of the claim and the alleged unconstitutional statutory tenure protection afforded to the

Commissioner, the Court grants Defendant's motion to dismiss Plaintiff's constitutional claim.

*See Juliana Jolean A. v. Kijakazi*, 20-CV-1268, 2022 WL 595361, at \*4-5 (Feb. 28, 2022)

(Sannes, J.) (granting the defendant's motion to dismiss for failure to state a claim where the

plaintiff alleged a constitutional claim that was identical to the claim alleged here by Plaintiff in

the Complaint).

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's constitutional claim for failure

to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No.

8) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's constitutional claim is **DISMISSED**; and it is further

**ORDERED** that, within fourteen days of this Order, Defendant shall file a certified

transcript of the administrative proceedings;[18] and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order on the docket of

this case and serve a copy upon the parties in accordance with the local rules.

Dated: March 24, 2022
        Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[18]     The Court notes that on November 9, 2021, Defendant was directed to file a certified transcript of the administrative proceedings within 90 days.  (Dkt. No. 18.)  The time to do so expired on February 7, 2022.  To date, Defendant has not filed a certified transcript of the administrative proceedings and has not sought an extension of time to do so.  (*See generally* docket sheet.)